UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 2 2 2016

Katty Rodriguez,

        Plaintiff,

—v—

Cavala Café Corp., *et al.*,

        Defendant.

14-cv-8907 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    On September 8, 2015, the parties advised the Court that a settlement in this FLSA action had been reached. Dkt No. 10. The Court then ordered the parties to submit a settlement agreement and a joint letter explaining why the settlement should be approved. Dkt No. 12. Although the parties were subsequently given additional time to file this information, they failed to do so despite an express warning that such failure would result in the dismissal of this action. Dkt. No. 13. The Court hereby dismisses the claims for failure to prosecute.

I.    BACKGROUND

    On November 7, 2014, Plaintiff Katty Rodriguez filed a complaint against Defendants Cavala Café Corp., Johnny Lopez, and Miguel Acosta, Jr., seeking damages for violations of the Fair Labor Standards Act ("FLSA") and various New York labor laws. Dkt No. 1. The docket did not reflect a service of the summons and complaint in a timely manner, so the Court issued an order requiring Plaintiff to communicate whether service had occurred. Dkt No. 4. This order explicitly warned that the case would be dismissed if Plaintiff failed to comply. Dkt No. 4. The execution of the summons and the complaint was eventually sorted out, and the Court held an initial pretrial conference on July 17, 2015. Dkt Nos. 5-9.

1

At the initial pretrial conference, the Court ordered the parties to submit a joint status letter by August 17, 2015. Dkt No. 9. No such letter was filed, so the Court ordered the parties to submit the letter by August 31, 2015. Dkt No. 9. Again, the parties failed to respond. On September 4, 2015, the Court ordered Plaintiff to either move for default judgment or file a letter updating the court on the status of the case by September 24, 2015. Dkt. 11. This order stated that failure to submit the requested letter would result in dismissal of the action for failure to prosecute. Dkt. 11.

On September 8, 2015, Plaintiff's counsel submitted a letter informing the Court that a settlement had been reached in principle. Dkt. 10. The Court responded with an order acknowledging receipt of this letter. Dkt No. 12. Because this is a FLSA action in which the Court must scrutinize the fairness of the agreement, the Court also ordered the parties to submit the settlement agreement and a joint letter explaining why settlement should be approved. Dkt No. 12; *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The parties failed to submit this information. On October 13, 2015, the Court *sua sponte* extended the time to provide this information to October 20, 2015. Dkt No. 13. The Court explicitly warned that a failure to provide a filing by this date would result in the case being dismissed for a failure to prosecute. Dkt No. 13. As of August 22, 2016, the Court has not received any communication from either party in response to the Court's order.

## II. LEGAL STANDARD

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply

with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Id.* (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

### III. DISCUSSION

Applying these five factors, the Court concludes that dismissal pursuant to Rule 41(b) for failure to prosecute is appropriate.

First, the duration of Plaintiff's failure to comply with the Court's orders is quite long. Over eleven months have passed since the Court first ordered the parties to submit the settlement agreement and joint letter. Dkt. 12. Over ten months have passed since the Court *sua sponte* extended the time for the parties to provide this information. Dkt. 13. The Court has not received any information from Plaintiff since September 8, 2015, despite these two subsequent orders requiring the parties to provide the settlement agreement and a joint letter. Dkt Nos. 10, 12, 13. Other courts presented with similar, and sometimes even lesser, lengths of delay have dismissed the claims for failure to prosecute. *See Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) (six month delay justified dismissal); *Antonio v. Beckford*, No. 05-CV-2225 (KMK), 2006 WL 2819598, at *2 (S.D.N.Y. Sept. 29, 2006) (noting that "[c]ourts have frequently found that delays of less than one year are unreasonable" in the failure to prosecute context); *Marcial v. Deperio*, No. 02-CV-6574, 2006 WL 2769923, at *2 (W.D.N.Y. Aug. 1, 2006) (dismissing case when "plaintiff ha[d] not pursued th[e] action for more than six months"); *Myvett v. Rosato*, No. 03 Civ.2379 LAP GWG, 2004 WL 1354254, *2 (S.D.N.Y. June 16, 2004)

3

("That nearly a year has elapsed since Myvett took any steps to prosecute this case, such as by responding to outstanding discovery requests, strongly counsels in favor of dismissal.")

Second, Plaintiff was on notice that failure to comply would result in dismissal. The Court's October 13, 2015 order explicitly stated that "[i]n the absence of any filing by [October 20, 2015], the case will be dismissed for failure to prosecute." Dkt No. 13. No filing of any kind has been submitted since that order.

Third, the prejudice to the Defendants is not insubstantial. One significant purpose of a settlement agreement is to resolve a case quickly to avoid further proceedings and associated expenses. By failing to respond to the Court's September and October orders, Plaintiff has failed to ensure the approval of the settlement and thereby has prevented Defendants from obtaining this benefit of settlement.

Fourth, the Court's interest in balancing its docket outweighs Plaintiff's interest in this case in receiving a fair chance to be heard. Plaintiff has repeatedly failed to comply with the Court's orders, which has required the Court to issue additional orders prompting the Plaintiff to comply. This case continues to sit on the Court's docket even though the parties do not appear to have an interest in having their settlement approved. Furthermore, Plaintiff has repeatedly been provided an opportunity to be heard; whenever Plaintiff has missed a deadline to file a response to a Court order, the Court has *sua sponte* provided additional time for a response. *See* Dkt No. 4, 9, 11, 13.

Finally, the Court is unaware of a how a lesser sanction would prompt Plaintiff to comply. The Court has not heard from Plaintiff since last September. The fact that the Court has on three separate occasions issued an order warning Plaintiff that failure to respond might result in a dismissal suggests that the less drastic sanction of further warnings is not adequate.

Furthermore, Plaintiff is counseled, and therefore the more protective standards for *pro se* litigants do not apply. *Cf. Baptiste*, 768 F.3d at 217 ("[A] pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'").

Other courts have dismissed for failure to prosecute under similar circumstances. *See, e.g., Lyles v. Commercial Lovelace Motor Freight, Inc.*, 684 F.2d 501 (7th Cir. 1982) (dismissal appropriate in view of nine months of inaction following notice of intent to settle); *Gugliara v. Jones*, No. 08 CV 909(NGG)(LB), 2010 WL 3257765 (E.D.N.Y. July 12, 2010) (dismissal appropriate after plaintiff failed to execute settlement agreement and failed to respond to follow-up court orders); *Yang v. Greyhound Lines, Inc.*, No. 07 Civ. 6499 (CM), 2008 WL 3126188 (S.D.N.Y. July 14, 2008) (dismissal appropriate after plaintiff repeatedly refused to return settlement documents to defendant's counsel); *Cho v. Tomczyk*, No. 05-CV-5570 (JFB)(JMA), 2007 WL 3254294 (E.D.N.Y. Nov. 2, 2007) (dismissal appropriate after plaintiff failed to execute settlement documents and failed to respond to the court's follow-up order).

## IV. CONCLUSION

For the reasons provided above, Plaintiff's claims shall be dismissed for failure to prosecute. The Clerk of the Court is instructed to close the case.

To the extent the parties did reach an out-of-court settlement, this settlement was not approved by this Court as required by Federal Rule of Civil Procedure 41 and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

SO ORDERED.

Dated: August 22, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge

5